UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
UNITED STATES OF AMERICA,       )
                                )
                                )
                                )
v.                              )    Criminal Action No. 12-10024-PBS
                                )
JOSHUA DUNFEE,                  )
                                )
     Defendant.                 )
_____)

MEMORANDUM AND ORDER ON MOTION TO REVOKE DETENTION

May 23, 2012

SOROKIN, C.M.J.

    Previously, the Court ordered defendant detained. Docket # 7. Since that Order issued, Defendant, at his request, has received new counsel, the Government has indicted Defendant and Defendant has moved to revoke his detention. The Indictment carries with it a mandatory minimum sentence of fifteen years which arises out of allegations that the Defendant, during a live video streaming session with a ten year old girl in Massachusetts (and the girl's mother), requested that the mother shave the ten year old's vagina and display the ten year old to him nude via the live video feed. Evidence was presented that the mother complied.

    In response to the Motion to Revoke, the Court held a further hearing at which the Defendant's wife, Defendant's mother-in-law and the Defendant's sister-in-law (his wife's sister) testified in support of his release on the conditions that he live with the mother-in-law as a third party custodian in her home on home detention without access to the internet. These three

1

witnesses also testified to what amounts to an alibi defense for the Defendant, essentially that he was with them during October 4, 2011, and, therefore, he could not be the person that engaged in the video chat from the Defendant's home on October 4, 2011. On the record before the Court, I find the alibi defense incredible and unpersuasive. It suffers from at least two flaws: (1) it does not account for the activity related to the offense conduct that occurred other than on October 4, 2011 (e.g. the earlier and later chats or Facebook communications); and (2) I do not find it credible.

Defendant also makes the separate argument that the release conditions he proposes are such that the Court may and should release him under the provisions of the statute. After careful consideration, the Court disagrees. Largely for the reasons stated in the Court's original memorandum, the Motion for Revocation of the Detention Order is DENIED. A presumption of detention applies, the conduct alleged was serious and involved live abuse of a child over the internet, control of internet access, even without general access in the home, is difficult and the conduct alleged involved deceit or deception. All of that, augmented by the other findings in the Court's earlier rulings, more than satisfies the Government's burden of proof despite Defendant's lack of criminal record and the suitable home offered by his mother-in-law.

Accordingly, the Motion to Revoke (Docket # 28) is DENIED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge